Is Mr. Allegrino present? Okay. So, Council, thank you for showing up. You represent Ruskin? Yes, Your Honor. We're going to take Mr. Allegrino's filing on submission, but you have five minutes, and you can explain that you were not hired and therefore you can't be sued for not doing what you were hired to do. Did I get that right? Exactly, Your Honor. I think that's called a softball question. Yes, Your Honor. Thank you. My name is Jenea Boyd. I'm here on behalf of the appellees, as Your Honor has stated. If I can just briefly make my point since the appellant is not here. Your Honor, the documentary evidence in this case clearly establishes that the Ruskin defendants did not have a duty to represent plaintiff in the probate proceeding. The August engagement letter is very clear. There are several provisions within that letter that simply disposes of plaintiff's claim. One being that the representation was strictly limited to the appeal of the January 2016 order. How did that appeal turn out? Well, Your Honor. What happened? Because after that, we have other proceedings in which your client with some grounds claims that they don't have any responsibility, but what happened? Did they Your Honor, plaintiff abandoned his claim as to the appeal at the court below. So in his opposition, numerous times throughout his opposition, he abandoned his claim as to the appeal. So the appeal was not perfected based upon plaintiff's failure to remit payment. But that's not an issue here, Your Honor, because the plaintiff abandoned that claim. The only claim that your clients did provide advice on whether to pursue the appeal. Well, that was part of the June engagement letter. Yes, the first the first letter as to whether they should pursue the appeal. That was it. It had nothing to do with the actual probate proceeding. The August engagement letter dealt with the actual appeal of the January 2016 order. And but right now, before this court, plaintiff argues that the Ruskin defendants had a duty to represent him at the probate proceeding. And that is not the case, Your Honor. So as I've stated before, in the August engagement letter, it also explicitly excluded probate representation of the probate proceeding. It also required that any additional representations required a separate engagement letter, which did not occur in this case. And then lastly, there was a merger clause, which negated any sort of prior communications or conversations between the parties regarding any sort of probate proceedings. So taking all these provisions together, it clearly demonstrates that the Ruskin defendants did not have a duty to represent the judicial court's order on that point alone. Even if the court goes to the but-for causation issue, the Second Amendment complaint is devoid of any allegations that provide as to how, if the Ruskin defendants had appeared at the April 2017 citation, what different result would have occurred. There's highly speculative, there's so many assumptions that you have to make as to whether there would have been a different result. One being, you would have to assume that the Syracuse court would have reversed its discretionary dismissal of plaintiff's petition back in January 2016. Then you would have to assume that the other discretionary determinations that were made would not have occurred, including the fact that there was questions of forgery regarding the will and also the lack of due execution. There's one opinion with respect to forgery, and it says it's very likely a forgery. Is there a competing affidavit saying it's valid? As far as with the will, Your Honor? Yeah. There was another affidavit. That was before the Ruskin defendants even got involved with plaintiff, Your Honor. The petition was dismissed in January 2016, well before plaintiff even attempted to engage the Ruskin defendants for the representation. So taking all these things together, gross speculation here cannot sustain a legal malpractice claim. But even if we assume that there were negligent actions, which there were not, but even if we assume, plaintiff's inaction supersedes any negligent actions in this matter. He did nothing from the April 2017 citation to the September 2017 order. He is a trained attorney, a disbarred attorney but a trained attorney nonetheless. He had the responsibility to do something and he did nothing. He sat on his hands. Any harm that occurred in this case was due to the plaintiff's fault on his own. And lastly, Your Honor, plaintiff should not be allowed to amend his complaint for a third time because it would be futile based upon the points I've just raised. It would not withstand a motion to dismiss. Unless the court has any other further questions, I will rest with my brief. Thank you. Thank you. I think I also allow time for Martin Cohen and Bruce Dunn who are going to appear by Zoom. Are they around? We are. We are here, Your Honor. Where are you? I don't see you. It indicates the host has ceased the video or stopped the video. Oh, there's the fourth box. What? They're in Oh, there you are. Hello. It's so good to see a face. Okay. Go on. Yes. Thank you, Your Honor. To briefly touch upon and echo the sentiments of the counsel, a malpractice claim cannot be based on speculation that but for the alleged malpractice, a different outcome would have obtained. In this case, it's purely speculative that in the plaintiff's sole claim as against the Cohen firm would be that if they had appeared on the return date of the April 2017 citation, a different result would have obtained. But as this counsel just indicated, that requires a purely speculative leak that a series of events would have occurred that would have resulted in a different outcome. Nothing happened really on April 26. But is that because counsel didn't appear? Your Honor, there was a request that papers be submitted. There was one request for a hearing. The judge gave the parties an opportunity to brief the issue. There was a three month period that they were given to submit documents on that basis. So under the plaintiff's theory of the case, there would have had to have been basically either a hearing or a recanting of testimony. As Your Honor pointed out, there was an opinion rendered by a forensic document examiner opining that the will that the plaintiff was relying upon was a forgery or was not genuine. So there's nothing in the record. There's no allegations that would substantiate a prima facie case of malpractice. Please forgive the digression, but I can't help wondering, if Mr. Allegrino doesn't get this $40 million, where is it going to go? It would, as I understand it, cheat to the state unless there was a viable will for that estate. I understand there was a competing will that was submitted for probate. If it really is $40 million anyway. That's not a question, but you can proceed. So being that the plaintiff's sole claim as against the Cohen firm relates to that sole appearance, and as counsel pointed out before me, the plaintiff himself took no action whatsoever in the three months that ensued to protect his own interests. We respectfully submit that the district court properly dismissed this case. Thank you. Any questions? If not, we thank you for appearing by video with good sound. And we will reserve decision.